IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEROME REED, AIS 304629, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-310-WKW |
| | ) [WO] |
| ASTEN N. NICHOLS, CURTIS | ) |
| NOLEN, and JACQUELLA M. MAY, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Jerome Reed, proceeding *pro se*, filed this 42 U.S.C. § 1983 action for alleged violations of his federal constitutional rights while in the custody of the Alabama Department of Corrections (ADOC) at the Elmore Correctional Facility. Upon commencement of this action, however, Plaintiff neither submitted the $350.00 filing fee and the $55.00 administrative fee[1] nor filed a properly completed application for leave to proceed *in forma pauperis*. Without prepayment of the required fees or the granting of *in forma pauperis* status, this action cannot proceed. Thus, in an Order entered on May 22, 2025, the court directed Plaintiff either to submit (1) the $405.00 in required fees or (2) a properly completed application for

---

[1] If a person is not granted *in forma pauperis* status under 28 U.S.C. § 1915, the filing fee for a non-habeas civil action includes a $350.00 statutory fee under 28 U.S.C. § 1914(a) and a $55.00 general administrative fee, as set forth in § 1914(b) and the District Court Miscellaneous Fee Schedule established by the Judicial Conference of the United States.

leave to proceed *in forma pauperis* by June 5, 2025.  (Doc. # 2.)  Plaintiff also was cautioned that he must notify the court of any change in his address within fourteen days of such change.  (Doc. # 2.)  The May 22nd Order further warned that Plaintiff's "failure to comply with any provision of this Order shall, without further notice, result in dismissal for failure to prosecute and comply with an order of the Court." (Doc. # 2 at 2.)

A copy of the May 22nd Order was mailed to Plaintiff's address of record and was not returned by the United States Postal Service.  However, in a separate action filed by Plaintiff, *see Reed v. Kincey*, Civil Action No. 2:25-cv-309-WKW-SMD (M.D. Ala. filed Apr. 28, 2025), both the Order and Final Judgment entered on June 3, 2025, were returned with a handwritten notation, "no longer in prison." Additionally, a search of the ADOC's inmate database indicates that no individual by Plaintiff's name is currently in custody.  *See* ADOC, https://www.doc.alabama.gov/inmatesearch.aspx (last visited June 13, 2025).

To date, Plaintiff has not complied with the May 22nd Order or submitted anything in this action since its filing on April 28, 2025, and it appears that Plaintiff is no longer in the custody of the ADOC.  As warned, this action will be dismissed without prejudice.  *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).  The

authority of courts to impose sanctions for failure to prosecute or to obey a court order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id*. It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. Dismissal as a sanction, however, "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)).

In light of the foregoing principles, Plaintiff's failure to comply with the May 22nd Order by neither paying the required filing fee nor applying to proceed *in forma pauperis* demonstrates a clear record of delay and willful disregard of the court's authority. Moreover, if Plaintiff has been released from custody, he has not provided the court with a current address, as expressly required by the May 22nd Order, and his present whereabouts are unknown. This lack of communication further evidences a failure to prosecute and clear delay. No sanction short of dismissal would be adequate under the circumstances. *See id.*

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 13th day of June, 2025.

                                      /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE